IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **James Silcox**, plaintiff, vs. **William Hyiatt**, individually and in his official capacity, as Superintendent for the Miami Correction Facility **Sgt. Cannon**, individually and in his official capacity as a /sergeant for the Miami Correctional Facility **S Nelson**, individually and in his official capacity as Maintenance Supervisor for the Miami Correctional Facility | CAUSE NO. 3:22-cv-468 |

## PLAINTIFF'S COMPLAINT UNDER 42 U.S.C. § 1983

### I. JURISDICTION AND LIABILITY

**Comes now** James Silcox, Plaintiff *pro* se, who complains of the Defendants, and for his cause of action alleges and says as follows:

The District Court has jurisdiction over this cause pursuant to *28 U.S.C. § 1331*, which grants federal district courts original jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. The jurisdiction of the court over the state-law claims is based on the supplemental jurisdiction statue, *28 U.S.C. § 1367 (a)*, which extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their original

jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Federal Constitution.

## II. DEFENDANT PARTIES

1. **Defendant Cannon** at all times relevant to this cause of action was assigned as the dorm sergeant (supervisor); and performed duties as a dorm sergeant responsible for the day to day operations and management at the Miami Correctional Facility. Defendant Cannon, while acting individually, and under color of state law, deprived Mr. Silcox of his federally protected rights. The Miami Correctional Facility is a part of the Indiana Department of Correction and is located in Miami, Indiana, and the address is 3038 west 850 south, Miami, Indiana, 46914. Defendant Cannon is defined as a person under **42 U.S.C. § 1983**, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause of action, Defendant Cannon was directly responsible for the health/safety needs of Mr. Silcox, while he was housed in the dorm assigned to Defendant Cannon at the Miami Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the safety/welfare needs of Mr. Silcox. In addition, Defendant Cannon is also responsible for the day to day workings of the dorm and to ensure that his employees follow established policies and meet the safety/welfare needs of all offenders at the Miami Correctional Facility.

2. Defendant **William Hyatte** at all times relevant to this cause of action is the Superintendent at the Miami Correctional Facility. The Miami Correctional Facility is a part of the Indiana Department of Correction and is located in Miami, Indiana, and the address is , 3038 west 850 south Miami, Indiana, 46914. Defendant Hyatte is defined as a person under **42 U.S.C. § 1983**, liable for the violation of federally protected rights while acting under color of state law.

2

Further, at all times relevant to this cause, Defendant Hyatte was directly responsible for the welfare and needs of Silcox, while he was incarcerated at the Miami Correctional Facility, and for the implementation and establishment of policies, both formally and informally, by custom and practice, relative to the welfare and needs of Silcox while he was incarcerated at the Miami Correctional Facility. In addition, Defendant Hyatte is also responsible for the training of employees to follow established policies and to meet the needs/welfare of Silcox and all other incarcerated offenders at the Miami Correctional Facility. Further, at all times relative to this cause of action Defendant Hyatte while acting individually, under color of state law deprived Silcox of federally protected rights.

### III. NATURE OF CLAIM

3. All of the Defendants individually and in their official capacity, while acting under of color of state law, engaged in conduct that achieved deprivation of plaintiff's federally protected rights. The conduct displayed by these defendants led to an injury by placing plaintiff's health and safety at risk unnecessary. The conduct exhibited by these defendants is in clear violation of the prison's Duly Promulgated Health and Safety Regulations. The Defendant's conduct is the proximate cause of the injuries received by the plaintiff. The defendant's decision not to use the "wet floor" signs offer us a "snapshot of proof" into the defendant's indifferent attitude towards the plaintiff's health and safety. When defendant Cannon went against the Duly Promulgated prison regulations and chose not to use the "wet floor" signs. That decision lead to an injury.

4. The defendant's conduct was to unnecessarily expose plaintiff to a health/safety hazard that would not have otherwise existed. These defendants failure to place "Wet Floor" signs

3

created a safety issue and is the proximate cause of the injury. Each Defendant has a duty/responsibility to report the safety violations made by others. The policies in place require OSHA standards and I can tell you that they definitely require "wet floor" signs.

5. Additionally, Defendant Hyatte has a custom/practice/policy whereby he does not properly train his staff at the Miami Correctional Facility in how to follow proper policy. There are policies in place such as: The Safe Facility Plan, Hazard Assessment Plan (Facility Directive 77E), Facility Housekeeping Plan (Facility Directive 72) most of which require weekly inspections of all areas of the facility by maintenance staff to identify safety and security issues, but none of these policies is ever followed, and this has resulting in the dilapidated conditions Silcox currently lives in (O-dorm).

6. All Defendants' custom/practice/policy of refusing to use the "wet floor" signs at the Miami Correctional Facility This custom/practice/policy has harmed Silcox [and other prisoners in the past] All of the Defendants' conduct was intentional and grossly negligent, deliberately indifferent, and indicative of active malice toward prisoners to include Silcox. Those actions and inactions represent a disregard, and total indifference to Silcox's federally protected rights, justifying an award of punitive damages in addition to any actual and compensatory damages the Silcox is entitled to recover.

7. All of the Defendants, individually and in their official capacity, acting singular and in conspiracy were deliberately indifferent to the health and safety of others. There is no way to prevent the invitation of injury without the warning of danger being present.

8. All of the Defendants, individually and in their official capacity, acting singular and in conspiracy, engaged in conduct toward achieving deprivation of Plaintiff's federally protected rights, under color of state law. The Defendants conduct was intentional and grossly

4

negligent, deliberately indifferent and indicative of active malice toward Plaintiff. Those actions and inactions represent a disregard and total indifference of the Plaintiff's federally protected rights, justifying an award of punitive damages in addition to any actual and compensatory damages the Plaintiff is entitled to recover.

## IV. STATEMENT OF FACTS TO CLAIM

### Exhaustion of Administrative Remedies

9.     Silcox exhausted the administrative remedies available to him through the Indiana Department of Correction by following the grievance procedure

## V. LEGAL CLAIMS

Silcox reiterates and incorporates by reference each and every allegation hereto fore set forth as a part hereto.

### CLAIM 1
### VIOLATION OF TITLE 42 U.S.C. § 1983
### CRUEL AND UNUSUAL PUNISHMENT

28.     The Defendants actions/inactions exhibited by these and their deliberate defilement of clearly established safety rules/regulations  indifferent attitude in subjecting Plaintiff to injury due to dangerous conditions in the dorm where he lived constitutes illegal punishment, intentional, wanton, and malicious, conduct, and is indicative of these Defendants total and reckless disregard of, and deliberate indifference to, the Constitutional rights of Plaintiff. And violates the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution, the Civil Rights Act of 1971, 42 USC § 1983, under color of state law.

5

29. The practice of these Defendants [Hyatte, Cannon, and Nelson] in subjecting Plaintiff to injury due to unconstitutional conditions in the dorm. The defendants have failed to make safety a priority throughout the prison as described in this complaint in the paragraphs above, constitutes illegal punishment, intentional, wanton, and malicious, conduct, and is indicative of these Defendants total and reckless disregard of, and deliberate indifference to, the Constitutional rights of Plaintiff. And violates the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution, the Civil Rights Act of 1971, 42 USC § 1983, under color of state law.

30. The actions and deliberate conduct by the Defendants [Hyatte, Cannon, Nelson, in refusing to replace the wet floor signs as described in this complaint, leaving Plaintiff to suffer injury at Miami constitutes illegal punishment, intentional, wanton and malicious conduct. And is indicative of the Defendants total and reckless disregard of, and deliberate indifference to, the Constitutional rights of Plaintiff, and violates the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution, the Civil Rights Act of 1971, 42 USC § 1983, under color of state law.

Silcox reiterates and incorporates by reference each and every allegation hereto fore set forth as a part hereto.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff James Silcox respectfully prays that this Court afford the following relief:

1. Declare that the acts of the Defendants described herein violated Mr. Silcox's state and federal rights under the Constitution and laws of the United States.

2. Enter an order for injunctive relief with the goal of securing state-of-the-art safety training for all employees; and furthermore to obtain the equipment (wet floor signs) required to properly maintain the floors at the Miami Correctional Facility.

3. Enter an order awarding punitive damages in favor of Silcox necessary to make him whole, including the costs of this action and related fees, as allowable by law, against each defendant, jointly and severally.

4. Establish a scheduling order to establish dates for the completion of discovery and other pre-trial procedures, including a date set for jury trial.

1. Enter an order granting plaintiff Declaratory Judgment as to some or all of his claims.

2. Order any such additional relief as this Court may deem just and proper.

Respectfully Submitted,

*[signature]*
James Silcox, D.O.C #873829
5501 S 1100 W
Westville, Indiana, 46391

## VERIFICATION

I, James Silcox, hereby verify under the penalties of perjury, that the facts, dates, and contents of the foregoing PLAINTIFF'S COMPLAINT UNDER 42 U.S.C. §1983, and attached documents are authentic, true, and correct to the best of my knowledge, sworn this 16th day of June, 2022.

*[signature]*
James Silcox, D.O.C #873829
Plaintiff, *pro se*