UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES C. SILCOX,

    Plaintiff,

    v().                                        CAUSE NO. 3:22-CV-468-DRL-MGG

WILLIAM HYIATT, et al.,

    Defendants.

OPINION AND ORDER

James C. Silcox, a prisoner without a lawyer, filed a vague complaint against Superintendent William Hyiatt, Sergeant Cannon, and Maintenance Supervisor S. Nelson. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Silcox alleges that the defendants failed to use the "wet floor" sign, in violation of the prison's policy, and this led to an unspecified injury at an unspecified time and location. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A violation of a prison policy, however, is not necessary a violation of the Constitution.

*See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

Mr. Silcox's complaint alleges only that he was hurt because prison staff failed to use "wet floor" signs. Absent additional facts, failing to use a "wet floor" sign in violation of a prison policy is, at most, negligence. Negligence generally states no claim upon which relief can be granted in a 42 U.S.C. § 1983 action. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence does not constitute deliberate indifference); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Mr. Silcox also faults Superintendent Hyiatt for not properly training his staff to follow the prison's policies. In the context of the Eighth Amendment, a failure to train claim can only be maintained against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Superintendent Hyiatt is not a municipality in either his individual or official capacity. To the extent Mr. Silcox is alleging that Superintendent Hyiatt did not properly supervise his staff, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and he cannot be held liable simply because he employed or supervised someone who violated Mr. Silcox's rights. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

The complaint is short on facts, dates, and specifics about what happened to Mr. Silcox. Based on what it does say, it is not plausible to infer that any constitutional right

2

was violated. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, the complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Silcox may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause

3

number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS James C. Silcox until **September 8, 2022**, to file an amended complaint; and

(2) CAUTIONS James C. Silcox if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 8, 2022                                              *s/ Damon R. Leichty*
                                                            Judge, United States District Court

---

[1] Pursuant to N.D. Ind. L.R. 7-6, the court requires the use of the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.